**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGELA HOGAN; ANDREA SEBERSON; CHRISTOPHER HOPPER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant - Appellee. | No. 24-1893 <br><br> D.C. No. 2:21-cv-00996-JHC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Argued and Submitted March 6, 2025
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and DONATO, District Judge.**

Plaintiffs Angela Hogan, Andrea Seberson, and Christopher Hopper appeal the judgment entered by the district court in favor of Amazon.com, Inc., following

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

the dismissal of Plaintiffs' claims under Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1–2, for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291. "We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). "We review the denial of leave to amend for an abuse of discretion, but we review the question of futility of amendment de novo." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016) (citations omitted). We affirm.

Plaintiffs are Amazon Prime members who purchase products on Amazon's website, including products sold by third-party sellers. They allege that Amazon has restrained competition in the shipping and logistics industry by requiring third-party sellers who wish to have their products featured in Amazon's "Buy Box" to purchase Fulfillment by Amazon, "a logistics service that provides warehousing, packing, and shipping to third-party sellers." Plaintiffs allege that they are injured by Amazon's anticompetitive conduct because, inter alia, Amazon charges third-party sellers supracompetitive prices for logistics services, and third-party sellers pass those prices on to consumers.

1. We agree with the district court that Plaintiffs have failed to allege antitrust injury. "Antitrust injury requires the plaintiff to have suffered its injury in

the market where competition is being restrained." *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1057 (9th Cir. 1999). "Parties whose injuries, though flowing from that which makes the defendant's conduct unlawful, are experienced in another market do not suffer antitrust injury." *Id.* Here, Plaintiffs allege that Amazon has restrained competition in the business-facing logistics services market, but their alleged injuries occurred in the consumer-facing "online retail market." *Hogan v. Amazon.com, Inc.*, No. 2:21-cv-00996-JHC, 2024 WL 1091671, at *3 (W.D. Wash. Mar. 13, 2024). Because these markets are distinct, Plaintiffs have not alleged antitrust injury.

Plaintiffs' allegation that "Amazon's Fulfillment services are a two-sided market" in which "Sellers pay Amazon for a full suite of . . . logistics services" and "consumers pay Amazon for . . . shipping services," does not establish that Plaintiffs suffered injury in the logistics services market. In *Ohio v. American Express Co.* ("*Amex*"), the Supreme Court held that "two-sided transaction platforms" that exhibit strong indirect network effects and "facilitate a single, simultaneous transaction between participants" should be treated as a single market for antitrust purposes. 585 U.S. 529, 544–46 (2018). But *Amex* "does not stand for the proposition that any two-sided platform will necessarily relate only to one market." *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 996 (9th Cir. 2023). Plaintiffs do not allege that the business-facing and consumer-facing sides of

Amazon's shipping market exhibit strong indirect network effects or facilitate simultaneous transactions.[1]  Nor have they alleged that treating the two sides of Amazon's shipping market as a single market would "reflect[] commercial realities."  *Amex*, 585 U.S. at 544 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 572 (1966)).

Plaintiffs' reliance on *Blue Shield of Virginia v. McCready*, 457 U.S. 465 (1982), presented for the first time on appeal, is misplaced.  As a threshold matter, "[g]enerally, arguments not raised in the district court will not be considered for the first time on appeal."  *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014).  In any event, *McCready*'s "narrow exception to the market participant requirement," *Am. Ad Mgmt.*, 190 F.3d at 1057 n.5, does not apply here.  The plaintiff in *McCready* had antitrust standing because her injury was "the very means by which it is alleged that [the defendant] sought to achieve its illegal ends" and "a necessary step in effecting the ends of the alleged illegal conspiracy."  *McCready*, 457 U.S. at 479.  Here, by contrast, Amazon sought to achieve its allegedly illegal ends by coercing sellers into paying for Amazon's Fulfillment

---

[1] In *PLS.Com, LLC v. National Ass'n of Realtors*, we declined to resolve difficult questions "about how broadly the *Amex* decision applies," including whether *Amex* "applies only to two-sided platforms that facilitate simultaneous transactions."  32 F.4th 824, 837 (9th Cir. 2022).  We need not decide that question here because Plaintiffs have failed to establish the other factors relevant to a two-sided market theory.

services.  Any injury suffered by Plaintiffs was incidental to the alleged scheme, not a means or necessary step of carrying it out.

Plaintiffs' contention that the district court failed to accept as true their allegations that they paid more for shipping as a result of Amazon's conduct does not alter our analysis.  Even assuming that is true, Plaintiffs have suffered injury in the online retail market rather than the logistics services market.

2.     The district court did not abuse its discretion by dismissing the second amended complaint with prejudice.  *See Hogan*, 2024 WL 1091671, at *6.  Dismissal without leave to amend is proper when "it is clear, upon de novo review, that the complaint could not be saved by any amendment."  *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).  "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  Here, Plaintiffs have failed to allege antitrust injury under this court's market participation requirement.  Plaintiffs had already been afforded an opportunity to cure this deficiency but failed to do so.  And Plaintiffs have not identified any additional allegations that would cure their pleading deficiencies if they were afforded yet another opportunity to amend.  The district court properly concluded that under Plaintiffs' own theory, they could not "show antitrust injury in the shipping market," *Hogan*, 2024 WL 1091671, at *6, and further amendment

would therefore be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

Our conclusion that Plaintiffs failed to plead antitrust injury makes it unnecessary to address the parties' remaining arguments.  The district court's judgment is **AFFIRMED.**